## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* HENRY SCHAEFFER, APPELLANT.

*Sale of adulterated milk —* 1884, *chap.* 202, *and* 1885, *chaps.* 183 *and* 458 *— to constitute the offense neither knowledge nor intent need be shown.*

Upon the trial of the defendant for selling impure, unwholesome and adulterated milk contrary to the provisions of chapter 202 of 1884, and chapters 183 and 458 of 1885, the prosecution gave evidence tending to show that in November, 1885, a clerk in the defendant's grocery store, in Buffalo, sold to one Vandenburg, a local inspector employed by the dairy commissioners, a pint of milk which was shown by chemical analysis to be diluted with water to the extent

of about ninety per cent. A motion, made by the defendant's counsel for a dismissal of the charge on the ground, among others, that there was no proof of any guilty knowledge or intent, having been denied, the defendant gave evidence tending to show that he sold the milk just as it came from the producers and that he had not adulterated or diluted it in any way, and that he had no knowledge that it was in any way diluted or adulterated. The defendant's counsel then renewed his motion to dismiss, and upon its denial asked, but was not allowed, to go to the jury upon the question of the defendant's guilty knowledge or intent.

*Held,* that no error was committed in the rulings made by the court below.

*The People* v. *Cipperly* (Ct. of App. [3 Eastern Rep.], 558; reversing S. C., 37 Hun, 319) followed.

APPEAL from a judgment of the Court of Sessions of Erie county, affirming a judgment of the Police Court of the city of Buffalo.

*Tracy C. Becker,* for the appellant.

*Edward W. Hatch,* district attorney, and *Wadsworth & Loveridge,* for the respondent.

SMITH, P. J.:

The defendant was convicted of the offense of selling impure, unwholesome and adulterated milk, contrary to the provisions of chapter 202 of the Laws of 1884, and chapters 183 and 458 of the Laws of 1885. The first section of the act of 1884 makes the sale of any unclean, impure, unhealthy, adulterated or unwholesome milk a misdemeanor, punishable as therein described. The thirteenth section provides that in all prosecutions under the act for a violation of the provision above stated, if the milk be shown to contain more than eighty-eight per centum of water or fluids, or less than twelve per centum of milk solids, which shall contain not less than three per centum of fat, it shall be declared adulterated. Like provisions are contained in chapter 183 of the Laws of 1885. (Secs. 1 and 16.) The doing of anything prohibited being done, and the not doing of anything directed to be done by said acts, are declared to be presumptive evidence of a wilful intent to violate the act (Laws of 1884, chap. 202, § 14 ; Laws of 1885, chap. 183, § 17); and by the later act above cited, are declared to be evidence of such intent, the word "presumptive" being omitted. (Laws of 1885, chap. 458, § 4.)

The prosecution, in this case, gave evidence tending to show that in November, 1885, a clerk in the defendant's grocery store, in Buffalo, sold to one Vandenbergh, a local inspector employed by the dairy commissioner, a pint of milk which was shown by chemical analysis to be diluted with water to the extent of about ninety per cent. The defendant's counsel moved that the charge be dismissed on the ground, among others, that there was no proof of any guilty knowledge or intent. The motion was denied, and the defendant then gave evidence tending to show that he sold the milk just as it came from the producers; that he had not adulterated or diluted it in any way, and that he had no knowledge that it was in any way diluted or adulterated. He then renewed his motion for a discharge, which was denied, and he asked to go to the jury upon the question of his guilty knowledge or intent, which also was denied.

The only questions argued on this appeal are whether those rulings were erroneous. It would seem that the case of *The People* v. *Cipperly*, decided by the Court of Appeals (3 Eastern Rep., 558; reversing S. C., 37 Hun, 319), is an adjudication of those questions adverse to the appellant. The report of that case in the Supreme Court states that the objection was taken by the defendant at the trial, that no criminal intent was shown, and exceptions were taken to the exclusion of evidence by which it was proposed to show that the defendant had no criminal intent. (37 Hun, 320.) It is true the only question discussed in the opinions delivered in the Supreme Court and in the Court of Appeals is that of the constitutionality of the provision in the thirteenth section of the act of 1884, above referred to. But the discussion of the Court of Appeals affirming the conviction could not have been reached without holding that the rulings of the trial court in the particulars above pointed out were correct.

But if the questions are to be regarded as now open, we think they must be ruled against the appellant. The offense aimed at by the statutes under consideration is the sale of adulterated milk. The offense is established by proof of a sale of milk, which is shown to be adulterated when tested by the standard set up by the act. That the seller had knowledge of the adulteration need not be shown. The first section, which defines the offense of which the

defendant is convicted, is silent as to the intent, while other sections, defining other offenses, make the intent a necessary ingredient. (Secs. 7, 8, chap. 183 of 1885.) A like question is considered by us in the case of *The People* v. *Mahaney*, decided at the present term, and the reasons there assigned for our decision of the question in that case are applicable to this.

The judgment should be affirmed.

HAIGHT and BRADLEY, J.J., concurred; BARKER, J., not sitting.

Judgment affirmed and proceedings remitted to the Court of Sessions of Erie county to proceed thereon.